IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **CHRISTY BRYANT,** | Civ. No. 1:21-cv-01759-AA |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **AZIYO BIOLOGICS, INC.,** *et al.***,** | |
| Defendants. | |

AIKEN, District Judge:

Defendant moves for partial judgment on the pleadings to dismiss Plaintiff's second claim for relief. ECF No. 87. Plaintiff opposes the motion to the extent that a change in law may occur that could afford Plaintiff relief. For the reasons explained, Defendant's motion, ECF No. 87, is GRANTED.

## LEGAL STANDARD

Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congr. Church*, 887 F.2d 228, 230 (9th Cir. 1989).

Page 1 – OPINION AND ORDER

## DISCUSSION

Plaintiff alleges that she contracted tuberculosis from a contaminated unit of FiberCell Fiber Viable Bone Matrix ("FiberCell"), a bone tissue allograft that doctors implanted during a surgical procedure. *See* Third. Am. Compl. ("TAC") ¶¶ 2,8. Plaintiff claims that Defendant, the manufacturer of FiberCel, is strictly liable under ORS 30.920. Defendant asserts that Oregon law precludes strict liability for injuries arising from blood or tissue injections. ORS § 97.985.

Under ORS § 97.985 strict liability arises only from "sales transactions," and "any part of a human body for the purpose of . . . transplanting" is not a sales transaction. *Id*. Therefore, the Court finds that strict liability cannot arise from the act of transplanting cells into Plaintiff's body. There is no issue of material fact precluding judgment on the pleadings. Plaintiff concedes this point. ECF No. 89 at 1. Plaintiff preserves her argument in the event of a change in law. *Id*.

## CONCLUSION

For the reasons explained, Defendant's Motion for Partial Judgment on the Pleadings, ECF No. 87 is GRANTED. Plaintiff's Second Claim for Relief for Strict Liability is DISMISSED.

IT IS SO ORDERED.

Dated this 23rd day of January 2025.

/s/Ann Aiken

Ann Aiken
United States District Judge